UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNETH L. PAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-426 |
| | ) |
| GRAND TRUNK WESTERN RAILROAD | ) |
| COMPANY, a corporation, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave to File First Amended Complaint and Jury Demand [DE 25] filed by the plaintiff, Kenneth L. Page, on August 16, 2018. For the following reasons, the motion is **DENIED.**

*Background*

On November 10, 2017 the plaintiff, Kenneth L. Page, initiated this matter against the defendant, Grand Trunk Western Railroad Company. Page has alleged in the complaint that on January 13, 2015, while employed as a conductor for GTW, he sustained injuries to his back when he attempted to couple the airhoses of two railcars together. Page claimed that the airhose on one of the railcars was out of alignment, and as a result, he was unable to couple the airhoses in the proper manner. Thus, Page asserts that GTW violated the Federal Employers' Liability Act (FELA), 49 U.S.C. §51 *et seq.*, and the Federal Safety Appliance Act (FSAA), 49 U.S.C. §20302, by failing to inspect and maintain its railcars and by failing to maintain a reasonably safe work environment.

On January 26, 2018, the court held the Rule 16 Preliminary Pretrial Conference. At the conference, the court set March 15, 2018 as the deadline for Page to join additional parties or to

amend the pleadings. On July 24, 2018, at the parties' request the court extended the discovery deadline to January 2, 2019.

During discovery, GTW has produced photographs and inspection reports of the involved rail equipment. Moreover, on August 9, 2018 Page was deposed. Page contends that the documents produced by GTW and his testimony indicate that the railcar with the misaligned airhose was a locomotive. Therefore, Page has requested leave to amend his complaint to add an allegation that GTW violated the Federal Locomotive Inspection Act, 49 U.S.C. §20701, *et seq.*, (LIA). GTW filed a response in opposition on August 30, 2018, and Page filed a reply on September 6, 2018.

*Discussion*

**Federal Rule of Civil Procedure 15(a)** provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. **Rule 15(a);** *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. Fru–Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013). A motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings. *Aldridge v. Forest River, Inc.*, 635 F.3d 870, 876 (7th Cir. 2011).

**Rule 15(a)(2)** says that courts should "freely give leave" to amend. However, a different standard provided by Federal Rule of Civil Procedure 16(b)(4) applies once the scheduled deadline passes. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Thus, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to modify the schedule. *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing **Federal Rule of Civil Procedure 16(b)**). In order to demonstrate good cause, the plaintiff must show that despite his diligence he could not have met the earlier deadline. *See Tschantz*, 160 F.R.D. at 571.

The deadline for Page to amend his pleadings was March 15, 2018. Therefore, since Page has requested leave to amend the complaint after the deadline, he first must establish "good cause" for the untimely amendment. Page has indicated that through discovery and his deposition testimony it has been established that the vehicle with the attached airhose, which he has alleged was not properly aligned for coupling, was a locomotive. Therefore, Page asserts that the LIA is applicable to this cause of action. Page also asserts in the reply brief that "[f]rom the outset of this matter, Defendant has been aware that Plaintiff's claim concerned a misaligned train brake airhose and that both a locomotive and a railcar were the involved equipment."

GTW has argued that Page has failed to demonstrate good cause under Rule 16. GTW asserts that Page has failed to explain why he did not know that the locomotive had the

3

misaligned airhose from the date of the injury. Moreover, the proposed amended complaint, attached to the instant motion as Exhibit 1, alleges the coupling of hoses between two railcars caused his injury. Therefore, GTW contends that the LIA claim must be referencing a completely separate incident.

Page has not demonstrated good cause for failing to include allegations that he was aware of or should have been aware of at the time the complaint was filed. The Seventh Circuit has held that the court does not abuse its discretion denying leave to amend when a party has failed to show good cause for its failure to amend its complaint in a timely manner, finding that the party was, or should have been, aware of the facts underlying its claim. *See* **Trustmark Ins. Co. v. General & Cologne Life Re of America,** 424 F.3d 542, 553 (7th Cir. 2005). Page's contention that he recently became aware of the involved locomotive is unconvincing. Page indicated that GTW has been aware from the outset of this matter that his claim involved a locomotive and a railcar. However, he has failed to indicate how at the time the initial complaint was filed he was unaware that the misaligned hose was attached to a locomotive. Moreover, Page has not shown that despite his diligence he could not have met the earlier deadline.

Additionally, the only difference between the initial complaint and the amended complaint is that in paragraph 17 Page has added the following allegation: "n) In failing to comply with the Federal Locomotive Inspection Act, 49 U.S.C. §20701, *et seq*." However, Page has not alleged any factual allegations in the proposed amended complaint that the locomotive had a misaligned airhose. Rather, the proposed amended complaint retains the allegations from the initial complaint that Page was injured while attempting to couple airhoses between two railcars. "A court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid theory of liability, . . . or where the party moving to amend has not

4

shown that the proposed amendment has substantial merit." ***Verhein v. S. Bend Lathe, Inc.***, 598 F.2d 1061, 1063 (7th Cir. 1979). Page has not alleged sufficient facts to support a cause of action under the LIA.

Based on the foregoing reasons, the Motion for Leave to File First Amended Complaint [DE 25] is **DENIED.**

ENTERED this 21st day of November, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge